IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH TAUBMAN,

    Petitioner,                        No. CIV S-03-2207 MCE KJM P

    vs.

MICHAEL YARBOROUGH, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner raises two issues on appeal: (1) his guilty plea was unlawfully induced and involuntary, violating petitioner's equal protection rights and California law, and (2) use of evidence gained from an unconstitutional search and seizure violated petitioner's Fourth Amendment rights and petitioner was denied a full and fair hearing on the issue. First Am. Pet. (Pet.) at 5-6. Respondent has filed an answer, and petitioner has filed a traverse.

/////

/////

/////

/////

1

I. Factual And Procedural Background

The following statement of the essential facts is taken from the unpublished opinion of the California Court of Appeal:

> Defendant Joseph Taubman pleaded guilty to one count of possessing marijuana while in state prison and admitted a prior strike allegation.

Answer, Ex. A at 1.

On April 12, 2002, defendant entered a guilty plea. RT 581, 583. On May 9, 2002, the court sentenced petitioner to the stipulated term of six years in state prison. RT 592-593.

Petitioner's appellate counsel filed a "no issues" brief under the authority of People v. Wende, 25 Cal. 3d 436 (1979), but petitioner filed a supplemental opening brief, arguing that he had not received a full and fair opportunity to litigate his suppression motion and challenging his guilty plea as involuntary. Answer, Exs. B (counsel's brief) & C (supplemental brief). The Court of Appeal rejected all challenges to the conviction and the California Supreme Court denied review without comment. Answer, Exs. A & E (Supreme Court denial).

Petitioner filed this amended petition for federal habeas relief on September 17, 2004.

/////
/////
/////
/////
/////
/////
/////
/////
/////

II. <u>AEDPA Standards</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA). <u>See</u> <u>Ramirez v. Castro</u>, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); <u>see</u> also <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1] Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). <u>Lockyer</u>, 538 U.S. at 71 (overruling <u>Van Tran v. Lindsey</u>, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by

/////

---

[1] In <u>Bell v. Jarvis</u>, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta." However, to the extent <u>Bell</u> stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees. Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief. <u>See</u> <u>Lockyer</u>, 538 U.S. at 70-71; <u>Ramirez</u>, 365 F.3d at 773-75.

§ 2254(d)). It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

/////

4

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

III.  Petitioner's Guilty Plea Was Unlawfully Induced And Involuntary (Ground One)

Petitioner argues that his guilty plea was involuntary because, first, the plea violated his equal protection rights, and, second, the plea struck two of his prior convictions in violation of California's Three Strikes Law.  Pet. at 5; Traverse at 6-11.  The California Court of Appeal declined to consider this claim.  See Answer, Ex. A (Court of Appeal decision).

Although the basis of petitioner's equal protection claim is not set out clearly in his petition or traverse, in the trial court he argued that another inmate accused of smuggling drugs into the same prison was offered a better "deal," although both were "third strike" defendants.  CT 675-683.

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).

In Oyler v. Boles, 368 U.S. 448, 455-56 (1962), the Supreme Court considered a challenge to the application of West Virginia's mandatory habitual offender statute.  The petitioner in Oyler alleged the prosecutors sought the mandatory penalty in only a small percentage of the cases.  The Court rejected the challenge, noting it was unclear whether the

/////
/////
/////
/////
/////
/////

1  failure to proceed against others was the result of deliberate policy or prosecutors' unawareness
2  of defendants' records. Id. The Court concluded:

> [T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged.

Id. at 456. In this case, petitioner neither has argued nor demonstrated that the prosecutor's offer of a more favorable plea to another defendant was based on petitioner's "race, religion, or other arbitrary classification." He is not entitled to relief.

Petitioner also argues that his guilty plea was involuntary because the plea violated California's Three Strikes Law, which specifically prohibits plea bargaining. "A federal court may not issue the writ on the basis of a perceived error of state law," unless it was "sufficiently egregious to amount to a denial of equal protection or of due process of law. . . ." Pulley v. Harris, 465 U.S. 37, 41 (1984).

As noted above, petitioner has not shown that the plea bargain violated equal protection. He suggests that the prosecutor's offer to dismiss one of the charged "strikes" in exchange for his plea of guilty and the corresponding potential sentence of twenty-eight-years-to-life should petitioner lose at trial was a "psychological bludgeon." Pet. at 5. In Brady v. United States, 397 U.S. 742, 749-50 (1970), the Supreme Court recognized:

> One of the[ relevant] circumstances [surrounding the plea] was the possibility of a heavier sentence following a guilty verdict after a trial. It may be that Brady, faced with a strong case against him and recognizing that his chances for acquittal were slight, preferred to plead guilty and thus limit the penalty to life imprisonment rather than to elect a jury trial which could result in a death penalty. [Footnote omitted.] But even if we assume that Brady would not have pleaded guilty except for the death penalty provision . . ., this assumption merely identifies the penalty provision as a 'but for' cause of his plea. That the statute caused the plea in this sense does not necessarily prove that the plea was coerced and invalid as an involuntary act.

1  Accordingly, the fact that petitioner was facing a "three strikes" sentence does not necessarily
2  render petitioner's plea to a lesser term involuntary. As he has presented nothing else supporting
3  the claimed involuntary nature of his plea, petitioner has not shown he is entitled to relief.

IV. <u>Plea Obtained By Unlawfully Seized Evidence Violated Fourth Amendment (Ground Two)</u>

Petitioner argues that, prior to his guilty plea, his motion to suppress evidence obtained in violation of petitioner's Fourth Amendment rights did not receive a full and fair hearing as required by <u>Stone v. Powell</u>, 428 U.S. 465 (1976). Pet. at 6; Traverse at 18-21. The California Court of Appeal refused to consider this claim because petitioner waived his right to appeal suppression issues in his plea agreement. Answer, Ex. A (Court of Appeal decision) at 1-2. Indeed, during the plea colloquy, the court asked:

> You understand you are waiving your right to appeal issues such as rulings on motions for suppression of evidence and other contested issues in the case. The only thing that you do not waive is your right to appeal any sentencing errors made by the Court . . . .

RT 581. Petitioner said he understood this. <u>Id</u>.; see also CT 703, 710.

Respondent does not rely on the waiver of appeal, however, but argues instead that petitioner's claim is barred by <u>Stone v. Powell</u>, because petitioner received a full and fair opportunity to litigate his claim, an opportunity he pursued. Answer at 8-9.

In <u>Stone</u>, the Supreme Court held "we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494 (footnote omitted). The Ninth Circuit has recognized that when a litigant has the opportunity to brief his claims and have them considered by the state courts, he has received what <u>Stone</u> requires. See <u>Terrovona v. Kincheloe</u>, 912 F.2d 1176, 1179 (9th Cir. 1990). It is petitioner's burden to demonstrate that he is excepted from <u>Stone</u>. <u>Sanna v. Dipaolo</u>, 265 F.3d 1, 8 (1st Cir. 2001).

/////

In this case, petitioner challenged the procedures that led to his regurgitation of drugs he had swallowed in the visiting room of Mule Creek State Prison by filing a written motion to suppress and during an evidentiary hearing on the issue. See RT 366, 380-449. Petitioner suggests that while he may have had an opportunity to litigate the Fourth Amendment issue, it was neither full nor fair for four reasons.

First, petitioner urges he was prevented from showing that he was not given Miranda warnings after he was taken from the visiting area to the body cavity surveillance area. Traverse at 13-16; see RT 389, 395, 406. When the prosecutor objected to the question about Miranda warnings, petitioner argued it would show "legal duress." RT 406. He added, "An illegal arrest is an illegal arrest if it's based on the beginning, if you're not read your rights." RT 406-407.

Although the absence of Miranda warnings may have some bearing on Fourth Amendment issues when officers learn of evidence through an un-Mirandized statement, an officer's simple failure to advise an arrestee of Miranda warnings does not render an arrest illegal. Wanner v. Satran, 633 F. Supp. 257, 262 (D. N.D. 1986); see United States v. Va Lerie, 424 F.3d 694, 710 (8th Cir. 2005), cert. denied, __ U.S.___, __ U.S.L.W. ____ (June 26, 2006); but see, e.g., United States v. Villalba-Alvarado, 345 F.3d 1007, 1013 (8th Cir. 2003) (no suppression of physical fruits of non-coerced statement taken in violation of Miranda); United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1048 (9th Cir. 1990) (same). Any restriction on petitioner's ability to establish the absence of Miranda warnings did not impact the full or fair nature of the hearing.

Second, petitioner argues that his hearing was neither full nor fair because the trial court refused to take judicial notice of or allow questioning about the officer's familiarity with the provisions of the Department of Corrections Operations Manual governing searches and seizures. Traverse at 16-17; see RT 400-403. The court noted that "4th Amendment considerations are paramount, not what the policy considerations of the institution are . . . ." RT 403. When

petitioner asked the court to take judicial notice of the regulations, the court declined on the ground that the Fourth Amendment, not the regulations, governed the legality of any search. RT 435.

As the trial court noted, an officer's violation of regulations does not translate into a violation of the Fourth Amendment or otherwise require suppression of evidence seized as a result. See United States v. Weiland, 420 F.3d 1062 (9th Cir. 2005), cert. denied, ___ U.S. ___, 74 U.S.L.W. 3617 (May 1, 2006) (violation of Fed. R. Crim. P. 41 does not require suppression unless the violation arose to the level of a constitutional violation); In re Lance W., 37 Cal. 3d 873, 886-87 (1985) (no suppression of evidence taken in violation of state law or constitution unless suppression would be federally compelled). Petitioner has not shown how the regulations would have supported his claim of a Fourth Amendment violation; he has not shown that the court's failure to take judicial notice of them or allow questioning about them affected his ability to litigate his Fourth Amendment claim.

Third, petitioner urges that the trial court took judicial notice of the preliminary hearing transcript over his objection and in violation of state law. Traverse at 17-18; RT 447. Even if this is a violation of state law as he claims, he has made no attempt to explain how this undercut his opportunity to litigate his Fourth Amendment claim.

Fourth, petitioner argues that the court denied him the opportunity to present the testimony of four inmates about their experiences with body cavity surveillance at Mule Creek State Prison. Traverse at 18-21; CT 504-505. The court found their testimony would be irrelevant. RT 380.

"A search compromises the individual interest in privacy . . . ." Horton v. California, 496 U.S. 128, 133 (1990). Consequently, the experience of other inmates subjected to body cavity surveillance would not support petitioner's challenge to the invasion of his individual interest in privacy. Petitioner has not shown this restriction prevented his full and fair litigation of his Fourth Amendment claim. See Mahaffey v. Schomig, 294 F.3d 907, 918 (7th Cir. 2002) (no

9

denial of full and fair opportunity when excluded evidence would not strongly impeach officers); Gerlaugh v. Lewis, 898 F. Supp. 1388, 1399 (D. Ariz. 1995), aff'd, 129 F.3d 1027 (9th Cir. 1997) (no denial of full and fair opportunity when state court considered challenge based on exclusion of witness testimony).

Petitioner has not shown he was denied a full and fair opportunity to litigate his Fourth Amendment claim in state court. This court cannot reach the merits of the issue.

IT IS HEREBY RECOMMENDED petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may filed written objections with the court and serve a copy of all parties. Such a documents should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/taub2207.157